[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
Date of Sentence March 4, 1985 Date of Application March 4, 1985 Date Application Filed March 5, 1985 Date of Decision March 22, 1994
Application for review of sentence imposed by the Superior Court, Judicial District of Fairfield.
Docket No. 31013JD;
William Holden, Esq., Defense Counsel, for Petitioner CT Page 4467
Richard Palombo, Esq., Assistant State's Attorney, for the State
[BY THE DIVISION]
After trial by jury, petitioner was convicted of attempted murder in violation of General Statutes § 53a-54a(a);53a-49. He was also convicted of assault in the first degree in violation of General Statutes § 53a-59(a)(1); assault on a peace officer in violation of General Statutes 53a-167c(a)(1) and, weapon in a motor vehicle in violation of General Statutes § 29-38. On the first charge a sentence of not less than ten years nor more than twenty years was imposed. On the second charge a sentence of not less than ten years nor more than twenty years concurrent to the first charge was imposed. On the third charge a sentence of not less than five years nor more than ten years consecutive to counts one and two was imposed. On the fourth charge a sentence of five years consecutive to counts one, two and three was imposed. The total effective sentence was not less than twenty years nor more than thirty years consecutive to a sentence then being served by petitioner in the State of Georgia.
The facts underlying petitioner's conviction indicate that on July 25, 1983 he was stopped, as a suspicious person by a police officer. While the officer was reviewing petitioner's identification, petitioner shot the officer three times. The police officer was injured by a bullet wound to his neck and left upper arm which involved a broken bone. More serious injury or death was prevented by the officer wearing a bulletproof vest which received two of the three shots. Petitioner escaped apprehension at the time, but was subsequently arrested in Atlanta, Georgia.
The attorney for petitioner argued that the sentence was not balanced and should be reduced. He argued that the sentence imposed was the maximum consecutive to the sentence imposed in Georgia. CT Page 4468
It was argued that the sentence imposed was, under the circumstances, inappropriate.
Speaking on his own behalf petitioner stated that at the time the crime was committed he was immature and young. He stated that he would not commit any such crimes at the present time.
The state's attorney urged that the sentence not be modified. He stated that petitioner was fortunate that he was not on death row. The state's attorney pointed out that the matter was a routine traffic stop at which petitioner shot the officer several times. Petitioner then fled to Georgia where he lived under an assumed name and subsequently shot a police officer in that state. The state's attorney argued that petitioner deserved the maximum sentence.
Petitioner has been convicted of very serious offenses. At the time sentence was imposed he told the sentencing judge that he was not guilty and that he did not feel that the court had the right to judge him.
In imposing sentence the judge found that petitioner had a predisposition for violence and commented on the fact that petitioner had shot two police officers who had stopped him for routine motor vehicle matters. There was no justification for petitioner's actions. The court stated that it had a duty to Protect police officers who were performing their duty from such assaults.
The sentence imposed was less than the maximum. In light of the provisions of Connecticut Practice Book § 942, it cannot be found that the sentence imposed was inappropriate of disproportionate.
Sentence affirmed.
Purtill, J.
Klaczak, J.
Norko, J.
Purtill, J., Klaczak, J. and Norko, J. participated in this decision. CT Page 4469